STOKER, Judge.
This is a suit for partition by licitation of property belonging to the community for *1308 merly existing between George Lewis, plaintiff, and Louella Lewis Baxter, defendant. Defendant admitted that the property could not be divided in kind without a diminution of its value, but she asserted by way of reconventional demand that she was entitled to certain credits against the proceeds of the partition. She claims credits for mortgage payments on the property, payments on community obligations, and payments for maintenance and preservation of the property, all made with her separate funds.
The property in question consists of a residence lot with two dwellings, one of which has been rented out by Mrs. Baxter over the years. The trial court found that any income from the property received by Mrs. Baxter had been offset by maintenance expenses paid by her. Therefore, Mrs. Baxter received no credit for maintenance expenses, and Mr. Lewis received no credit for any income from the property as such credits are contemplated by LSA-C. C.P. art. 4626. Mrs. Baxter was allowed credit in the amount of $30,415.33 for mortgage payments made with her separate funds from October, 1968, until the debt was paid on the basis of LSA-C.C. art. 2334 which, until January 1,1977, stated in pertinent part:
“The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.”
Mrs. Baxter was also allowed credit for paying other community debts in the amount of $1,166.96. Mr. Lewis was ordered to reimburse her from the proceeds of the sale one-half of the expenses paid with her separate income.
The issues raised by plaintiff on this appeal are:
1.Whether the parties were living separate and apart beginning October, 1968, as is contemplated by LSA-C.C. art. 2334 so that Mrs. Baxter’s income earned after that time became her separate property.
2. Whether an expense paid by Mrs. Baxter relating to community property for bull-dozing in 1978 was $200 or $1,200.
3. Whether an expense of $100 for an appraisal of the property was properly credited to Mrs. Baxter.
The trial court did not give Mrs. Baxter direct credit for the expenses listed in issues two and three above, but the trial court applied them as an offset against the income from the community property to which Mr. Lewis might have otherwise been entitled under LSA-C.C.P. art. 4626.
The parties were divorced in March, 1972, on the basis of having lived two years separate and apart. Plaintiff contends that Mrs. Baxter’s earnings did not commence to be her separate property until February, 1970, presumably the beginning of the two years used as a basis for their divorce. There is no merit to this contention. Under former article 2334, the earnings of a wife commence to be her separate property from the moment the living separate and apart from her husband begins.
It is well settled in our jurisprudence that in order for the wife’s earnings to be classified as her separate property under LSA-C.C. art. 2334, she must be living separate and apart from her husband in the same manner deemed essential in an action for divorce. Succession of LeJeune, 221 La. 437, 59 So.2d 446 (La.1952). In the present case the trial judge determined that the parties had begun living separate and apart as of October, 1968. In this we consider that the trial judge erred. Mrs. Baxter testified that she went to Atlanta, Georgia, and lived with her husband in September and October of 1969 in an attempt at a permanent reconciliation. The trial judge stated in his reasons for judgment that the attempted reconciliation occurred in October of 1969.
In view of the foregoing, it cannot be said that the parties were living separate and apart in the same manner required for *1309 a separation or divorce until after the end of the attempted reconciliation. LSA-C.C. art. 152 provides:
“The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced.”
Under this article, it is clear that grounds for separation arising before reconciliation may not be used as a basis for separation or divorce. Courville v. Gourville, 181 So.2d 277 (La.App. 3rd Cir.1965).
In this case, we feel bound by the law to hold that Mrs. Baxter’s earnings did not commence to be her separate property until October, 1969, after the unsuccessful attempt at reconciliation. Although this holding appears to penalize Mrs. Baxter in spite of her good faith effort to save her marriage, we feel this result must follow. The judgment of the trial court will be amended to delete the credit given Mrs. Baxter for mortgage payments of $271 monthly covering the period from October, 1968, to October, 1969, a total of $3,252.
The dispute over the amount expended in 1978 for bull-dozer work was resolved by the trial judge in favor of Mrs. Baxter. He found as a matter of fact that the amount was $1,200 rather than $200. Under prevailing standards for appellate review, we cannot say that the trial court was clearly wrong in reaching this conclusion. The list of expenses shows the amount to be $1,200, and statements made by Mrs. Baxter during the taking of her deposition quoted by plaintiff in support of his claim are less than certain as to the amount. In fact, Mrs. Baxter made it clear during the deposition that she did not believe that $200 was right.
The last item in dispute is an expense of $100 for an appraisal of the property. While we are not convinced that this type of expense can be used to offset income, we do not believe its inclusion was reversible error. In his reasons for judgment the trial judge stated:
“[Exhibit] P-2 shows that the property earned $126.69 more than the cost of maintenance but these figures do not reflect the time and effort Mrs. Baxter expended to obtain the bargain prices she got for maintenance and repair. Her effort is worth at least $126.69.”
In light of this statement, we find that Mr. Lewis should receive no credit for income on the property even if the $100 expense should be disallowed.
For the foregoing reasons, the judgment of the trial court is amended to reduce the amount to be reimbursed by George R. Lewis to Mrs. Louella Lewis Baxter from $15,791.15 to $14,165.15. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED AS AMENDED.